Case 3:05-cv-00082-JCH   Document 54   Filed 08/25/05   Page 1 of 29

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 AUG 25  P 4: 39
U.S. DISTRICT COURT
BRIDGEPORT, CONN

JAMES LATTANZIO,
      Plaintiff

v.

AMERICAN MASSAGE THERAPY ASSOCIATION, INC., ELIZABETH LUCAS, THE COMMISSION ON MASSAGE THERAPY ACCREDITATION, INC., CAROLE OSTENDORF, SCHIFF, HARDIN, WAIT, LLP, VEHSLAGE, CHAPMAN, CARTIER, ROBERT ARMSTRONG, THOMAS P. WHITE, JEANETTE ZIMMER, KATHRYN D. ZALEWSKI, GREGORY CURTIN, ROYCE L. VEHSLAGE,
      Defendants.

CIVIL ACTION NO.
3-05-cv-82 (JCH)

AUGUST 25, 2005

**RULING ON DEFENDANTS' MOTIONS TO DISMISS [DOC. NOS. 24, 31, and 49]**

Various defendants move for the court to dismiss this action on the basis that it lacks subject matter jurisdiction. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." During a telephonic status conference on March 23, 2005, both the court and the pro se plaintiff were advised that various of the defendants suspected that the court lacked subject matter jurisdiction because there is incomplete diversity. The court requested briefing on the question and both the plaintiff and the defendants were permitted to respond to the question of whether this court has subject matter jurisdiction. Telephonic Status Conference Tr., March 23, 2005 [Doc. No. 15] at 9.

1

"Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." <u>Lyndonville Sav. Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 700-01 (2d Cir. 2000). In order for an action to be maintainable in federal court under 18 U.S.C. § 1332, diversity must be complete.[1] See Herrick Co., Inc. v. SCS Communications, Inc., 251 F.3d 315, 328 (2d Cir. 2001). Lattanzio has repeatedly conceded that both he and various of the defendants are citizens of Connecticut. <u>See</u>, <u>e.g.</u>, Mot. for Joinder [Doc. No. 23] at 2; Telephonic Status Conference Tr., March 23, 2005 [Doc. No. 15] at 5. Therefore, there is no diversity in this case and the court does not have subject matter jurisdiction.

The motions to dismiss [Doc. Nos. 24, 31, and 49] are GRANTED. Plaintiff's motions for joinder [Doc. Nos. 23 and 30] are DENIED.

**SO ORDERED**

Dated at Bridgeport, Connecticut this 25th day of August, 2005.

/s/ Janet C. Hall
United States District Judge

---

[1] Plaintiff acknowledged that his basis for subject matter jurisdiction was "diversity and pendent." Telephonic Status Conference Tr., March 23, 2005 [Doc. No. 15] at 5. Unless there is diversity jurisdiction, there can be no pendent jurisdiction.

2